UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON,

        Plaintiff,

v.

DENISE L. TONER, et al.,

        Defendants.

_____/

Case No.  2:13-cv-254

Hon. Gordon J. Quist

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Morris Weatherspoon, filed a complaint in the instant case against Defendants Mary Clifford, D.D.S., Adam Winkler, D.D.S., Denise Toner, D.D.S., Tiffany Haske, Melissa LaPlaunt, and Debra Michaels-Cain. On July 22, 2014, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R & R) recommending that the Court dismiss the claims against Defendants Clifford, Toner, and Winkler, and allow the claims against Defendants Haske, LaPlaunt, and Michaels-Cain to proceed. Weatherspoon has filed objections to the R & R. The Court has reviewed those objections de novo. *See* 28 U.S.C. § 636(b)(1). For the reasons that follow, the Court will overrule the objections and adopt the R & R.

#### *Claims Against Dr. Clifford*

Weatherspoon has filed three objections related to the magistrate judge's recommendation that the Court dismiss the claims against Dr. Clifford. First, Weatherspoon argues that the magistrate judge erred in determining that Weatherspoon failed to allege facts sufficient to establish that Dr. Clifford exhibited deliberate indifference in disclosing Weatherspoon's confidential medical information. Weatherspoon fails to explain why that conclusion was in error, but merely states that Dr. Clifford knowingly exposed Weatherspoon's personal information. Even if Dr. Clifford made such disclosure knowingly, however, Weatherspoon has not alleged facts demonstrating that Dr.

Clifford was deliberately indifferent to a serious risk of harm to Weatherspoon that would result from the disclosure. Accordingly, this objection fails.

Weatherspoon's next two objections relate to Dr. Clifford's failure to provide Weatherspoon with dentures and teeth cleaning. As Weatherspoon acknowledges, his complaint did not include such allegations. Weatherspoon argues, however, that the magistrate judge should have permitted him to amend his complaint to include the allegations. As an initial matter, the Court notes that Weatherspoon's motion to amend merely stated that Dr. Clifford was guilty of deliberate indifference, and not that she failed to provide Weatherspoon with dentures and teeth cleaning. Moreover, the magistrate judge made clear that he denied Weatherspoon's motion to amend because Weatherspoon did not submit a proposed amended complaint or explain why it was necessary to amend his complaint. (Dkt. #30.) Accordingly, the magistrate judge's ruling was not in error.

### *Claims Against Dr. Toner*

Weatherspoon objects to the magistrate judge's conclusion that Weatherspoon failed to provide sufficient evidence to demonstrate that Dr. Toner was deliberately indifferent to his medical needs. Weatherspoon saw Dr. Toner on three separate occasions within the span of one month because of an abscess in Weatherspoon's tooth. On February 13, 2012, Dr. Toner prescribed antibiotics and scheduled Weatherspoon for evaluation two weeks later. When Weatherspoon came in for his evaluation on February 27, 2012, Dr. Toner determined that the tooth should be extracted one week later. Dr. Toner actually extracted the tooth on March 13, 2012, two weeks after he ordered the extraction.

Weatherspoon claims that Dr. Toner should have extracted the tooth on February 27, 2012, when she determined extraction was necessary. For the first time in his objections, Weatherspoon claims that Dr. Toner postponed the extraction because she was going on vacation. Absent compelling reasons, a party may not raise before the district court new arguments or issues that were

not presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Weatherspoon has failed to explain why he did not present this argument to the magistrate judge. Therefore, the Court need not consider this argument.

Even if the Court were to consider the allegation that Dr. Toner delayed the extraction due to her impending vacation, that would be insufficient to demonstrate that she acted with deliberate indifference. Although Weatherspoon preferred to have his tooth extracted immediately, there is no evidence that Dr. Toner's failure to do so amounted to deliberate indifference. Within two weeks of making the determination that extraction was necessary, Dr. Toner extracted the tooth and provided Weatherspoon with information about periodontal disease. Weatherspoon has not alleged that he suffered any lasting injury due to the delay in extracting his tooth, but simply that he suffered from pain longer than necessary. Although the Court is sympathetic to Weatherspoon's claims of pain, dental patients may have to wait to schedule a procedure, and two weeks is not an unreasonable amount of time. Accordingly, Weatherspoon's objections related to the tooth extraction are overruled.

Weatherspoon next objects to the R & R's conclusion that he failed to state a Fourteenth Amendment claim based on the alleged release of his medical information. Weatherspoon asserts that Dr. Toner knew that the release of such information "would lead to humiliating name calling, taunts, insults and verbal abuse due to plaintiff's loss of teeth." (Dkt. #62 at Page ID #432.) In this circuit, the disclosure of medical information does not implicate a plaintiff's Fourteenth Amendment right unless it "implicate[s] a fundamental interest protected by the right to privacy under the Fourteenth Amendment." *Townsend v. Reaume*, No. 1:13-cv-729, 2013 WL 3872173, at *7 (W.D. Mich. July 25, 2013). "The Sixth Circuit has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm; and (2) where the information released was of a sexual, personal, and

3

humiliating nature." *Id.* at *4 (internal citations omitted). In this case, the release of Weatherspoon's medical information did not implicate interests protected by the Fourteenth Amendment. Accordingly, this objection is overruled.

### *Claims Against Dr. Winkler*

Finally, Weatherspoon objects to the R & R's conclusion that Weatherspoon failed to demonstrate that Dr. Winkler exhibited deliberate indifference to his need for medical care. Weatherspoon asserts that Dr. Winkler should have extracted his tooth after an emergency visit on June 14, 2012, and that Dr. Winkler should have provided him with dentures. Weatherspoon argues that the failure to take such actions amounted to deliberate indifference.

Dr. Winkler saw Weatherspoon on four separate occasions, and extracted two of his teeth during those visits. During their final encounter on June 14, 2012, Dr. Winkler performed an oral examination and took x-rays, and determined that no further treatment was needed at that time. Weatherspoon argues that, in fact, Dr. Winkler should have extracted another of his teeth. This argument is essentially one for negligence, and not deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Accordingly, Weatherspoon's claim that Dr. Winkler should have extracted his tooth following their June 14, 2012 visit fails.

Weatherspoon's argument that Dr. Winkler should have provided him with dentures was raised for the first time in his objections to the R & R. With regard to Dr. Winkler, Weatherspoon's complaint stated merely that "[o]n June 14, 2012, Dr. Winkler failed to provide urgent dental care for immense swelling of the gums." (Dkt. #1 at Page ID #4.) That statement was insufficient to put Dr. Winkler on notice that Weatherspoon intended to claim that Dr. Winkler should have provided him with dentures. Moreover, Weatherspoon did not respond to Dr. Winkler's motion for summary judgment. Accordingly, the Court will not consider Weatherspoon's argument regarding Dr.

4

Winkler's fialure to provide him with dentures. *See Murr*, 200 F.3d at 902 n.1 (noting that a party generally may not raise before the district court new arguments or issues that were not presented to the magistrate judge).

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's July 22, 2014 Report and Recommendation (dkt. #56) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the Report and Recommendation (dkt. ##61, 62) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Winkler's Motion for Summary Judgment (dkt. #39) is **GRANTED**. Plaintiff's federal claims against Defendant Winkler are **DISMISSED with prejudice**. Plaintiff's state law claims against Defendant Winkler are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant Toner's Motion for Summary Judgment (dkt. #40) is **GRANTED**. Plaintiff's federal claims against Defendant Toner are **DISMISSED with prejudice**. Plaintiff's state law claims against Defendant Toner are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Defendants Haske, LaPlaunt, Clifford and Michaels-Cain (dkt. #35) is **GRANTED in part and DENIED in part**. The claims against Defendant Clifford are **DISMISSED with prejudice**. The claims against the remaining defendants may proceed.

Dated: September 3, 2014        /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE